ORDERED that the Secretary's motion as so construed is granted. The panel decision denying panel review and the single-judge decision are VACATED and the disposition of this case is assigned to the panel. *See Frankel v. Derwinski,* 1 Vet.App. 23 (1990).

**William J. HENNESSEY, Jr., Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 92–1233.

United States Court of Veterans Appeals.

Sept. 1, 1994.

Before NEBEKER, Chief Judge, and KRAMER, FARLEY, MANKIN, HOLDAWAY, IVERS, and STEINBERG, Judges.

**ORDER**

PER CURIAM.

On July 27, 1994, a panel of the Court denied the Secretary's June 29, 1994, motion for panel review of the Court's April 19, 1994, 6 Vet.App. 515, single-judge memorandum decision which had reversed the Board of Veterans' Appeals decision on appeal. On August 10, 1994, the Secretary filed a motion for review by the Court en banc.

On consideration of the Secretary's motion for full Court review of the decision by the single judge, and on consideration of Rule 35(c) of the Rules of Practice and Procedure of this Court which provides for a motion for review "of a panel decision in a case, by the

**David T. KAISER, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 92–35.

United States Court of Veterans Appeals.

Sept. 7, 1994.

Before KRAMER, MANKIN, and IVERS, Judges.

**ORDER**

PER CURIAM.

Pursuant to former Rule 36(b) of the Court's Rules of Practice and Procedure, a qualified judgment had been entered in this case, retaining jurisdiction for a limited purpose. That rule was rescinded by Miscellaneous Order No. 2–94 on March 11, 1994, and an unqualified judgment was entered on March 24, 1994, pursuant to that Order. As a result of that Order, the appellant's earlier application for attorney fees under the Equal Access to Justice Act (EAJA), dated November 23, 1993, was refiled by the Clerk on May 23, 1994. *See* 28 U.S.C. § 2412(d).

On June 30, 1994, the appellant filed a motion for an order awarding attorney fees by default. In his motion, the appellant stated that the Secretary had defaulted by not filing a reply to the appellant's EAJA application within the time allowed by the Court's Rules of Practice and Procedure. *See* U.S.Vet.App.R. 39. He further alleged that, by not filing a reply in this case, which the Court's Rule 39(c) makes mandatory, the Secretary had elected not to contest the appellant's EAJA application.

On July 7, 1994, the Court ordered the Secretary to file a response to the appellant's motion for default judgment. The Secretary filed his response on July 22, 1994, arguing that the motion for default should not be granted because the appellant did not serve the Secretary with the refiled application as required by Rule 39(c) and thus the Secretary's response period has not yet been triggered. The Secretary also argued that there was a pending motion to dismiss the appellant's November 23, 1993, application or in the alternative to stay proceedings concerning the application until "final judgment" which should have been acted upon before any response was required from the Secretary.

On consideration of the foregoing procedural facts, it is

ORDERED that the appellant's motion for an award of attorney fees by default is denied. It is further

ORDERED that the Secretary's motion to dismiss the November 23, 1993, EAJA application is denied as moot. It is further

ORDERED that the Secretary's alternative motion to stay proceedings until "final judgment" is denied as moot. It is further

ORDERED that, within 30 days after the date of this order, the Secretary will file a response to the appellant's EAJA application.